**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| MARQUEL DONTEZ LEO RHINES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-00152-CDP |
| | ) | |
| OFFICERS UNKNOWN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

<u>**MEMORANDUM AND ORDER**</u>

Before the Court is the application of self-represented plaintiff Marquel Dontez Leo Rhines, a pre-trial detainee currently incarcerated at the Mississippi County Jail, to proceed in the district court without prepaying fees or costs. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $28.00. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon an initial review of the complaint, the Court will order plaintiff to file an amended complaint in accordance with the instructions below.

**Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. §

1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of his application, plaintiff has attached of copy of his inmate account statement. Plaintiff's inmate account, however, is only a partial account statement for August and September of 2021. It does not show an entire six-month period, which would be necessary for the Court to calculate exactly how much income plaintiff had in the six months preceding his application. Based on a review of these two months, the Court finds that plaintiff has an average monthly deposit of $140.00. The Court will therefore assess an initial partial filing fee of $28.00, which is twenty percent of plaintiff's average monthly deposit.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679.

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should

construe the plaintiff's complaint in a way that permits his or her claim to be considered within

the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even

pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of

law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

### The Complaint

Plaintiff brings this claim pursuant to 42 U.S.C. § 1983 against the Missouri Department

of Corrections ("MDOC"), Missouri Highway Patrol, Dunklin County Sheriff's Department, and

Mississippi County Sheriff's Department, and the following officials employed by these entities:

Bob Holder (Sheriff, Dunklin County); Nicole Green (Jail Administrator, Dunklin County);

Unknown Nurse (Dunklin County); J. Cole (Correctional Officer ("CO"), Dunklin County); Parker

Unknown (CO, Dunklin County); CJ Unknown (CO, Dunklin County); Melissa Unknown (CO,

Dunklin County); Britton Ferrell (Sheriff, Mississippi County); Joe Ross (Jail Administrator,

Mississippi County); Amy Ross (Jail Nurse, Mississippi County); Linda Dixon (Jail Nurse,

Mississippi County); Amber Unknown (Shift Supervisor, Dunklin County); and Unknown Nurse

(MDOC). He also brings claims of unlawful force against two unknown Missouri Highway Patrol

Officers. Plaintiff brings all of his claims against defendants in their official capacities only.

Plaintiff's claims arise out of his arrest on March 3, 2021 by two Missouri Highway Patrol

officers. Plaintiff states that on March 3 he was arrested by two Missouri Highway Patrol officers

who he alleges used unlawful force causing injuries to plaintiff's face. After his arrest, he requested

medical treatment, but received no treatment and was transferred to Dunklin County Jail.

At Dunklin County Jail, plaintiff's requests for medical treatment were ignored. Plaintiff

alleges that he received no medical care or treatment during his two-week quarantine. After his

two-week quarantine, plaintiff was transferred to the general population. In the general population, he placed several sick/nurse calls, which were not responded to. Also, he was assaulted in general population. He states that he was questioned by CO Paine and CO April. But he was not moved from the pod where he was assaulted, which caused him additional stress. Three days after the assault, he was seen by the nurse at the Dunklin County Jail. The nurse prescribed ibuprofen. Several days later, plaintiff was given an in-house x-ray, which revealed plaintiff's broken jaw. The nurse gave plaintiff painkillers for one week and ibuprofen thereafter.

Two weeks after his x-rays, plaintiff was sent to a specialist in St. Louis who confirmed plaintiff had a broken jaw and needed surgery the next week. Plaintiff states that after this appointment, "Dunklin County transferred me to MDOC Bonne Terre April 14 to avoid my surgery and without medical records or references to avoid paying costs."

Plaintiff states he was transferred to MDOC even though his surgery was scheduled within the same week. Because of his transfer, his surgery did not occur. Between April 14 and 21 at MDOC, he entered sick calls and requested his medical records from Dunklin County. On April 21, he was examined by a MDOC nurse who "didn't believe my claim due to no record and that I didn't recall the specialist I'd seen in St. Louis." On April 26, plaintiff asked MDOC to call Dunklin County. Plaintiff was present for this telephone call and the MDOC official who initiated the call was told that Dunklin County would call back. "No steps were taken to manage pain and lack of process until I pushed staff to act after being made aware of my condition didn't help."

On May 1, plaintiff was given another x-ray at MDOC. At this point, MDOC had plaintiff's records from Dunklin County. "MODOC referred situation to Jefferson City." On May 10, however, plaintiff was transferred back to Dunklin County. Here, he again placed a grievance

-4-

requesting medical attention. The Dunklin County COs and Nurse repeatedly asked plaintiff if MDOC had "fixed my jaw." "This was [the] last time the County Nurse spoke to me. My verbal request were unanswered and ignored. August 13th I was transferred to Mississippi County Jail."

At the Mississippi County Jail, plaintiff told Nurse Amy Ross multiple times about his pain and his medical history. "A couple weeks later I hear that she has been fired." Plaintiff then asked Nurse Amy Ross's husband, Jail Administrator Joe Ross, to speak to a nurse. He did not speak to a nurse. Plaintiff filed another grievance and nurse call on September 20 "to raise the issue to the Sheriff." Plaintiff states that as of September 29, 2021, he has not been seen by medical personnel at Mississippi County Jail and has not spoken to the Sheriff.

The final page and a half of plaintiff's complaint is used to complain generally about the conditional of the Mississippi County Jail and to state claims of other inmates housed at the Mississippi County Jail.

**Discussion**

At all relevant times, plaintiff was a pretrial detainee, so his constitutional claims fall within the ambit of the Fourteenth Amendment. *See Morris v. Zefferi*, 601 F.3d 805, 809 (8th Cir. 2010). However, the Fourteenth Amendment provides at least as much protection to pretrial detainees as the Eighth Amendment does to convicted prisoners. *Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004). Accordingly, a pretrial detainee's medical claims are analyzed under the Eighth Amendment's deliberate indifference standard. *See Morris v. Cradduck*, 954 F.3d 1055, 1058 (8th Cir. 2020) (stating that a pretrial detainee has the same rights to medical care under the due process clause as an inmate has under the Eighth Amendment).

-5-

To demonstrate constitutionally inadequate medical care, the inmate must show that a prison official's conduct amounted to deliberate indifference. *Dulany v. Carnahan*, 132 F.3d 1234, 1237-38 (8th Cir. 1997). To establish deliberate indifference, a plaintiff must prove that he suffered from an objectively serious medical need, and that prison officials actually knew of and disregarded that need. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019). A "serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997). Deliberate indifference can include the intentional denial or delay of access to medical care, or the intentional interference with treatment or prescribed medication. *Vaughn v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995); *see also Davis v. Buchanan County, Missouri*, 11 F.4th 604, 624 (8th Cir. 2021).

<u>Official Capacity Claims</u>

Plaintiff has sued all defendants in their official capacities only. This is fatal to his claims. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). In order to prevail on an official capacity claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). Plaintiff has not established any liability on the part of

Dunklin County or Mississippi County for the alleged conduct. For this reason, plaintiff's complaint against the defendants is subject to dismissal on initial review.

Although plaintiff's claims are subject to dismissal for failure to sue defendants in their individual capacities, the Court must construe plaintiff's complaint in a way most favorable to plaintiff. Therefore, the Court will assume that plaintiff could amend his complaint to sue defendants in their individual capacities. The Court turns now to an initial review of plaintiff's claims against each defendant, assuming plaintiff would amend his complaint to allege individual capacity claims.

Unknown Highway Patrol Officers 1 and 2: Plaintiff's only allegations against these defendants are that they "used excessive force causing an injury to my face." This statement is conclusory and unable to support a claim of a constitutional violation. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The determination of excessive force is a legal one, depending on the specific facts of the case. Factors that are relevant to the reasonableness of an officer's conduct include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Burnikel v. Fong*, 886 F.3d 706, 710 (8th Cir. 2018). Plaintiff does not plead sufficient facts regarding the alleged use of excessive force.

Although plaintiff was later examined and diagnosed as having a broken jaw, it is unclear whether his injury occurred during his arrest or later during his assault at the Dunklin County Jail. Plaintiff has not alleged these defendants broke his jaw. He has not alleged any facts on which he bases his conclusion that these officers used excessive force. Because plaintiff's claims are conclusory, these defendants are subject to dismissal for failure to state a claim.

-7-

Dunklin County Jail/Sheriff's Department, Mississippi County Sheriff's Department:

Plaintiff's claims against the Dunklin County and Mississippi County Jails and Sheriffs' Departments must be dismissed. The Dunklin County Jail and Sheriff's Department and the Mississippi County Jail and Sheriff's Department are county jails and sheriff's departments and "not legal entities amenable to suit." *Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003); *see also De La Garza v. Kandiyohi Cty. Jail*, 18 F. App'x 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they are not suable entities).

MDOC: Plaintiff's claim against the Missouri Department of Corrections must be dismissed for failure to state a claim. "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Furthermore, an agency exercising state power is also not a person subject to suit under § 1983. *See Barket, Levy & Fine, Inc. v. St. Louis Thermal Energy Corp.*, 948 F.2d 1084, 1086 (8th Cir. 1991). Moreover, the Eleventh Amendment bars suit against a state or its agencies for any kind of relief, not merely monetary damages. *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007). Therefore, plaintiff's claim against the MDOC are subject to dismissal.

Bob Holder (Sheriff, Dunklin County) and Nicole Green (Jail Administrator, Dunklin County): Plaintiff makes no allegations against Sheriff Bob Holder or Jail Administrator Nicole Green. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). To be cognizable

under § 1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that deprived the plaintiff of his constitutional rights. *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985). "[A] general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability." *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997).

Plaintiff's complaint alleges no personal liability against defendants Holder and Green. Notably, plaintiff makes no allegations against either of these defendants. Therefore, plaintiff's claims against defendants Holder and Green are subject to dismissal.

Unknown Nurse, Dunklin County Sheriff's Department: Plaintiff states that the Nurse of Dunklin County prescribed ibuprofen for plaintiff's pain and ordered an x-ray. After the x-ray showed plaintiff's broken jaw, the nurse prescribed painkillers for one week and ibuprofen thereafter. Two weeks later, plaintiff was sent to a St. Louis specialist who confirmed that plaintiff's jaw was broken. The specialist recommended plaintiff for surgery in the next week.

Plaintiff has not alleged this Unknown Nurse's conduct in ordering x-rays, medication, and his two-week wait to see a specialist in St. Louis amounts to deliberate indifference to his serious medical need. Instead, he alleges that his transfer to MDOC on April 14, 2021 resulted in the cancellation of his surgery, which showed deliberate indifference to his serious medical need. There are no facts from which the Court can find that this Unknown Nurse had any connection to or responsibility for plaintiff's transfer to MDOC. Therefore, plaintiff's claims of constitutionally inadequate care against Unknown Nurse in Dunklin County are subject to dismissal.

Amber Unknown, Jail Shift Supervisor: Plaintiff's complaint makes no allegations against Amber Unknown. This defendant is subject to dismissal.

-9-

<u>Correctional Officers J. Cole, Parker Unknown, CJ Unknown, Melissa Unknown</u>

Plaintiff alleges nothing against COs J. Cole, Parker Unknown, CJ Unknown, Melissa Unknown. These defendants are subject to dismissal.

<u>Unknown Nurse, MDOC</u>: Plaintiff alleges he was transferred to MDOC, Bonne Terre, and that from April 14 through April 21, he entered sick calls. Because Dunklin County had not sent plaintiff's medical information to Bonne Terre, the Unknown Nurse at MDOC had no record that plaintiff had seen a specialist. On May 1, the Unknown Nurse ordered another x-ray. By this point, he or she had received the medical records from Dunklin County. Plaintiff was referred to Jefferson City, presumably for surgery. On May 10, 2021, however, plaintiff was transferred from MDOC back to Dunklin County. His jaw surgery never took place.

Again, plaintiff does not allege that the Unknown Nurse at MDOC was deliberately indifferent to his medical needs. He was examined by the Unknown Nurse on April 21 and x-rays were taken on May 1. Based on the x-rays, plaintiff was referred to Jefferson City for surgery. Based on these facts, the Court cannot find the Unknown Nurse at MDOC was deliberately indifferent to plaintiff's serious medical needs. For this reason, plaintiff's claims against the Unknown Nurse are subject to dismissal.

<u>Britton Ferrell, Sheriff, Mississippi County</u>: Plaintiff states that on August 13, 2021, he was transferred to the Mississippi County Jail. Although he has named Sheriff Britton Ferrell as a defendant, he has alleged no facts against Sheriff Ferrell. Plaintiff simply states that on September 30, he filed a grievance and nurse call to raise the issue with Sheriff Ferrell. Plaintiff has not alleged that Sheriff Ferrell was deliberately indifferent to plaintiff's serious medical needs. Plaintiff does

not state that Sheriff Ferrell knew of plaintiff's broken jaw. Nor does he state that the Sheriff ignored or delayed plaintiff's medical treatment.

<u>Joe Ross, Jail Administrator, Mississippi County</u>: Plaintiff alleges that he told Ross that he needed to speak to a nurse. Plaintiff believes Ross forgot about his request. Plaintiff's allegations against defendant Ross amount to mere negligence, and are not sufficient to show Ross acted with deliberate indifference. Plaintiff's claims against Ross are subject to dismissal.

<u>Amy Ross, Jail Nurse, Mississippi County</u>: Plaintiff spoke to defendant Amy Ross about his pain and the history of his jaw injury; however, he learned that Ms. Ross was fired shortly thereafter. Plaintiff has made no allegations against Ms. Ross for constitutional violations, and thus his claims against her are subject to dismissal.

<u>Linda Dixon, Jail Nurse, Mississippi County</u>: Plaintiff alleges that Nurse Laura Dixon used force to remove another inmate from the shower. Plaintiff cannot state a claim on behalf of another individual, and therefore his claims regarding Dixon's use of force in the shower will be dismissed.

**Instructions for Filing Amended Complaint**

Although plaintiff's allegations against defendants are subject to dismissal on initial review, the Court recognizes the seriousness of plaintiff's injury. Plaintiff suffered a broken jaw requiring surgery as early as March 3, 2021. Despite surgery being ordered on two separate occasions, as of September 29, 2021 plaintiff's jaw had not been treated. Plaintiff alleges that the officials and medical personnel at the Dunklin County Jail, MDOC, and the Mississippi County Jail were deliberately indifferent to his serious medical needs because these institutions transferred plaintiff among their facilities to avoid responsibility for plaintiff's jaw surgery.

Although plaintiff makes numerous allegations against numerous defendants, he has made no allegation that any specific defendant (1) knew of plaintiff's broken jaw, and (2) deliberately transferred plaintiff out of their facility to avoid providing medical care and treatment to plaintiff. Based on the complaint, it is at least as plausible that plaintiff's injury was inadvertently not treated because of his many transfers among Missouri's penal institutions. Because of the nature of plaintiff's claim; however, the Court will allow plaintiff to file an amended complaint.

In the "Caption" section of the amended complaint, plaintiff must state every defendant whom he wants to sue. If plaintiff is suing an individual, he must state the first and last name, to the extent he knows it, of the defendant or defendants he wants to sue. Plaintiff should also indicate whether he intends to sue the defendant in his or her individual capacity, official capacity, or both. As discussed above, suing a state employee only in their official capacity subjects the defendant to dismissal on initial review.

Additionally, plaintiff should avoid naming an individual as a defendant unless that person is directly related to the alleged constitutional violation, *e.g.*, a nurse who was deliberately indifferent to plaintiff's medical needs or an official that ordered plaintiff's transfer to avoid treatment of plaintiff's medical needs. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). To be cognizable under § 1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that deprived the plaintiff of his constitutional rights. *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985).

Finally, plaintiff must include enough factual details in his allegations so the Court may evaluate the conduct of the defendants. For example, stating merely that "I was arrested by 2

-12-

unknown Missouri Highway Patrol Officers who used excessive force causing an injury to my face," does not allow the Court to evaluate whether the officers used excessive force in violation of the Eighth Amendment. To evaluate whether plaintiff can state a plausible claim, the Court must inquire "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Jackson v. Gutzmer*, 866 F.3d 969, 974 (8th Cir. 2017). Plaintiff's failure to make specific factual allegations against any defendant will result in that defendant's dismissal.

Plaintiff is warned that the filing of an amended complaint **completely replaces** the original complaint. This means that claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect").

## Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. The motion will be denied at this time. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the

-13-

existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not necessary at this time. Plaintiff has demonstrated that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepaying fees or costs is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $28.00 within thirty days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that within **thirty (30) days** of the date of this Memorandum and Order, plaintiff shall file an amended complaint in accordance with the instructions set forth above.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a Prisoner Civil Rights Complaint form.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED without prejudice**. [ECF No. 4]

-14-

**If plaintiff fails to timely file an amended complaint in compliance with this Memorandum and Order, the Court may dismiss this action without prejudice and without further notice.**

Dated this 10th day of June, 2022.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

-15-